Allman *v.* Moore, Appellant.

586

Argued October 16, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Gerald A. Gleeson,* and with him *Thomas Boylan,* for appellant.—The affidavit of defense informed the plaintiff of the nature of the defense and was sufficiently specific: Commonwealth v. Magee, 24 Pa. Superior Ct. 329; Gould v. Gage, 118 Pa. 559; Acme Mfg. Co. v. Reed, 181 Pa. 382.

*David H. H. Felix* of *Felix and Felix,* for appellee. —The affidavit of defense was insufficient: Pepper & Lewis, Volume 1, column 171; Brick v. Coster, 4 W. & S. 494; Killen v. Brown, 6 Pa. Superior Ct. 15.

OPINION BY TREXLER, J., December 12, 1929:

Judgment was entered for want of a sufficient affidavit of defense. The plaintiff seeks to recover the balance of $132 due for work done on defendant's premises as per written order of the defendant, which is as follows: "Kayser & Allman, Decorators, 1522 Chestnut Street, Philadelphia, Pa., Gentlemen: Kindly proceed with decorating in premises 4642 N. Broad

Street, of which I am owner tenant according to specifications and estimate No. 62934—Scored Travertine Stone dated 7-7-26, for the sum of three hundred eighty-two dollars ($382) payment for same and for any extra work that may be ordered, and for plastering, if done, or work not included in specifications, to be made as follows: Payment in full to be made upon completion of work. Signed, J. P. Moore, Owner Tenant.''

Plaintiff alleges that the work was done under specifications and estimate and that a copy of the same is in the possession of the defendant. No copy of the specifications was attached to the statement. As they contained, presumably, the items of work to be done, they were an essential part of the contract and we see no reason, in the present case, why they should not have been attached to the plaintiff's statement.

The defendant avers that the work was not done in a workmanlike manner and not according to the specifications. It is not his part to supply the omission of the plaintiff by setting out the specifications. He states that defective mouldings were cracked in a very short time after they had been put in and the paint on the wall had streaked in a very short time after being put on and that one wall was painted with a color that did not match the other walls.

The lower court considered the affidavit defective because the precise dates when the mouldings cracked or the walls were streaked were not given and that the defendant fails to state in what particulars the colors did not match. In some cases, no doubt, the precise date may be very important, but in this case, the assertion that these things occurred in a very short time after the work was done, is sufficient. If the plaintiff's statement can pass muster with the mere assertion that he complied with certain specifications without disclosing what they were, it seems to be exacting

588

too much from this defendant to require from him a minute description of the time and manner wherein the plaintiff failed to comply with the requirements of the contract. The plaintiff was fully apprised of the defense, if he had read the affidavit. We all think that the affidavit of defense was sufficient.

The judgment is reversed with a procedendo.